UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD JOSEPH ROMERO JR *et al* | § § | |
| Petitioners | § § | |
| v. | § § | MISCELLANEOUS ACTION NO. H-12-99 |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Before the Court is Petitioners' Motion for Return of Property. In particular, Petitioners claim that agents of the Drug Enforcement Administration ("DEA") unlawfully seized from them two vehicles, a boat, and computer equipment (the "Property"). There are no charges against Petitioners relating to the DEA, although Petitioner Richard Romero has been indicted in Georgia for conspiring to prescribe prescription medication without a proper physical examination.

The government has filed a civil forfeiture action in the Northern District of Georgia pursuant to 18 U.S.C. § 983(a) with respect to the Property. Prior to the government's filing, Petitioners initiated this proceeding pursuant to Federal Rule of Criminal Procedure 41(g). It provides as follows:

> (g) Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

The issue is whether this proceeding is the proper one in which to determine Petitioners' rights in the property or – conversely, as the government argues – this proceeding must yield to the subsequently filed civil forfeiture action in Georgia. Petitioners adduce good arguments, including arguments based on their residence in this District, their filing prior to the government, and the absence of any criminal charges relating to the seized Property.

The law is, however, decidedly against Petitioners. Federal Rule of Criminal Procedure 1(a)(5)(B) expressly excludes from the Rule's ambit "a civil property forfeiture for violating a federal statute." In *Hernandez v. United States*, plaintiff sought to use Federal Rule of Criminal Procedure 41(e), the predecessor to Rule 41(g), to challenge a seizure by the DEA. The Court of Appeals held plaintiff's "arguments amounting to a claim that he was deprived of the property without due process of law, are not properly before us, as the proper place to litigate the legality of the seizure is the forfeiture proceeding." 911 F.2d 981, 982 (5th Cir. 1990) (per curiam).

Although the particular circumstance of the Rule 41(g) action having been filed before the civil forfeiture action does not appear to have been addressed by the Fifth Circuit, there is no suggestion in the cases that the timing is of any consequence. Quite the contrary, other circuits have specifically rejected such arguments. *Shaw v. United States*, 891 F.2d 602, 603 (6th Cir. 1989); *United States v. Castro*, 883 F.2d 1018 (11th Cir. 1989); *In re Harper*, 835 F.2d 1273 (8th Cir. 1988). The leading treatise notes, "Ordinarily once an administrative forfeiture proceeding has begun, the district court loses jurisdiction to adjudicate the matter in a peripheral setting such as a Rule 41(g) motion, since the claimant then has an adequate remedy at law." 3A Charles A. Wright, Nancy J. King & Susan R. Klein, Federal Practice and Procedure § 673, at 377-78 (3d ed. 2004)

(distinguishing only the circumstance in which the district court has already ruled) (citations omitted).

The Court is acutely mindful that this outcome is, in many respects, unfair and counter-intuitive. Petitioners' lawyers have ably brought the unfairness into sharp focus. Nonetheless, the law is clear and this Court has no mandate to ignore it.

This proceeding is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Signed at Houston, Texas on this 7th day of June 2012.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE